## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. John M. Highsmith.

1. EVIDENCE—*Hearsay—When Proper.*—Where hearsay evidence is introduced by the defendant (the same being statements made by an employe), he can not be heard to object to the proof on rebuttal, of other statements by the same employe, made soon afterward, and contradictory of the statement in evidence in his behalf.

2. PRACTICE—*Objection to Evidence on Rebuttal.*—An objection to the admission of evidence on the ground that it is improper in rebuttal is an implied acknowledgment that it is proper in chief.

Assumpsit.—Breach of contract. Appeal from the Circuit Court of Crawford County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

C. S. CONGER, attorney for appellant.

BRADBURY & MACHATTON, attorneys for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF
THE COURT.

This is an action brought by appellee against appellant,
to recover damages for a failure to use reasonable diligence
to furnish a car by a certain time, for the shipment of stock
from Duncanville to Indianapolis. The evidence is suffi-
cient to sustain the verdict, and the judgment must be
affirmed unless the lower court committed such error of law
as to prevent a fair and impartial trial of the issues by the
jury.

The only error of law relied upon in the argument is the
ruling of the court in permitting appellee to testify that
the conductor of train No. 83 said to appellee: "If they
had let me go on, it wouldn't have detained me over fifteen
or twenty-five minutes; I am just as mad as you are about
this delay."

It appears from the evidence that the meeting place of
two trains had been fixed at Duncanville, and that if this
order had remained unchanged, the car intended for appel-
lee would have been furnished him at the proper time; but
that the meeting place was changed from Duncanville to
Robinson, by the train dispatcher, whereby a delay in fur-
nishing the car occurred. To account for this change,
Nichols, appellant's agent at Duncanville, was permitted to
testify against appellee's objection, that the change was
made because the conductor of train No. 83 had telegraphed
the train dispatcher that it would take him thirty minutes
to do his work at Robinson, and that he could not pass the
other train at Duncanville. This was hearsay, and clearly
inadmissible; but the evidence, whether properly or improp-
erly admitted, was before the jury at the instance of appel-
lant, and appellant should not be heard to object to the
proof of another statement made by the same conductor
soon afterward, which was contradictory of the statement
offered in evidence by appellant. As evidence in chief on
the part of appellee, the statement of the conductor to ap-
pellee might have been objectionable under the law as laid

down by Greenleaf and Starkie, and as announced by the Supreme Court of this State. The declarations of an agent, not part of the *res gestœ*, and merely narrative of a past occurrence, can not be received as proof of such occurrence. But the evidence objected to by appellant was offered in rebuttal and not in chief. Suppose the conductor (who did not testify in the case) had testified that the work at Robinson was such as to detain him for thirty minutes, and thereby render the passing of the other train at Duncanville an impossibility; could not a foundation have been laid for the impeachment of the conductor by asking him whether or not he had made to appellee, at a certain time and place, the statement to which appellant is now objecting, and could not this statement have been then introduced in evidence for the purpose of impeachment? But it may be said that the foundation was not laid. True; but why? Because the conductor was not on the witness stand. Under such circumstances the lower court very properly permitted appellee to testify to the conductor's statement, inasmuch as it contradicted his statement, as proved by hearsay evidence on the other side. If one fights with a club, he should not whimper because his opponent also makes use of a club.

It is worthy of observation that the only objection to this evidence in the record is that it is improper in rebuttal, which is an implied acknowledgment that it is proper evidence in chief. We think that the evidence is proper in rebuttal, if proper at all, and this disposes of the question. Where only a specific objection is made in the lower court, other objections should not be considered on appeal. The judgment is affirmed.